Filed 7/30/24  P. v. Moore CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>JASON LEE MOORE,<br><br>    Defendant and Appellant. | C099398<br><br>(Super. Ct. Nos. 21F1703, 21CP04, 21F1693)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on July 12, 2024, be modified as follows:

1.  On page 1, the last sentence in the first paragraph beginning with "We will remand" is deleted and replaced with the following sentence:

    We will affirm.

1

2. On page 3, following the third sentence in the first paragraph beginning with "Defendant filed a timely" the following sentences are added:

In February 2024, defendant wrote to the trial court requesting recalculation of custody credits, pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing]. In March 2024, the trial court issued an amended abstract reflecting an additional 700 days of actual credit.

3. Again on page 3, the second full paragraph following the Discussion and beginning with "Our review of the record" is deleted in its entirety.

4. On page 4, the Disposition is deleted in its entirety and replaced with the following sentence:

The judgment is affirmed.

This modification changes the judgment. Appellant's petition for rehearing is denied.

FOR THE COURT:


_____/s/_____
HULL, Acting P. J.



_____/s/_____
DUARTE, J.



_____/s/_____
BOULWARE EURIE, J.

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JASON LEE MOORE,<br><br>　　　　Defendant and Appellant. | C099398<br><br>(Super. Ct. Nos. 21F1703,<br>21CP04, 21F1693) |

Appointed counsel for defendant Jason Lee Moore asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will remand for recalculation of credits and affirm in all other aspects.

1

FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, a jury found Moore guilty in case No. 21F1703 of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and transportation of methamphetamine for sale (*id.*, § 11379, subd. (a)). The jury also found true that Moore had a prior strike conviction. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)[1] In case No. 21F1693, a jury found Moore guilty of misdemeanor vandalism. (§ 594, subd. (b)(2)(A).) Based on the guilty findings, the court sustained two petitions to revoke Moore's postrelease community supervision in case No. 21CP04. (*People v. Moore* (Mar. 29, 2023, C094903) [nonpub. opn.] (*Moore*).)

In September 2021, the trial court sentenced Moore to state prison for an aggregate term of six years. In case No. 21F1703, the court imposed six years for transporting methamphetamine for sale (the middle term of three years doubled due to the strike) and four years for possessing methamphetamine for sale (the middle term of two years doubled due to the strike) stayed pursuant to section 654. In selecting the transportation charge as the principal charge, the court noted that this charge had the greatest term of imprisonment. The court awarded 396 days of custody credits (198 days of actual time credits and 198 days of conduct credits). In case No. 21F1693, the court imposed 364 days concurrent, and in case No. 21CP04, the court gave Moore credit for time served and terminated the case. (*Moore*, *supra*, C094903.)

On appeal, we remanded the matter to allow the trial court to consider whether to exercise its new discretion to choose which sentences to stay, pursuant to recent amendments to section 654 enacted by Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1). (*Moore*, *supra*, C094903.)

---

[1] Undesignated statutory references are to the Penal Code.

In August 2023, the trial court resentenced Moore to state prison for an aggregate term of six years, with no change to the prior sentencing structure. The court did not address custody credits, and the abstract of judgment lists 396 days of custody credits (198 days of actual time credits and 198 days of conduct credits). Defendant filed a timely notice of appeal in August 2023. After delays in preparation of the record and multiple extensions of time for Moore to file his opening brief, this case became fully briefed on May 14, 2024.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Moore was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from Moore.

Our review of the record revealed that the trial court erroneously failed to recalculate the actual time Moore has served pursuant to the sentence for which he is being resentenced, and award those credits in the new abstract of judgment. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 [when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody (whether in jail or prison) up to that time, including his time in custody after the original sentencing].) We will remand the matter for the trial court to calculate this credit.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to Moore.

3

DISPOSITION

The matter is remanded for the limited purpose of recalculating the actual days of credits for which Moore is eligible on his resentencing. The trial court is directed to prepare an amended abstract of judgment setting forth the modified credits and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　BOULWARE EURIE, J.



We concur:



　　　/s/
HULL, Acting P. J.



　　　/s/
DUARTE, J.g

4